# EXHIBIT A

ELECTRONICALLY FILED - 2020 Apr 17 4:04 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000375

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | IN THE COURT OF COMMON PLEAS |
| **COUNTY OF LAURENS** | |
| John Gabriel Medlin, | C. A. No. 2020-CP-42- |
| Plaintiff, | |
| v. | **SUMMONS** |
| Bojangles' Restaurants Inc., | **(Jury Trial Demanded)** |
| Defendant. | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.



Dated: **April 17, 2020**        S/Paul E Hammack

Paul E. Hammack
SC Bar No. 68501
paul@hammacklawfirm.com
Jamie Ackermann
SC Bar No. 72427
jamie@hammacklawfirm.com
Hammack Law Firm
223 W. Stone Avenue
Greenville, SC  29609
Office: 864-326-3333
Fax: 864-991-3911
Attorneys for Plaintiff

Page **1** of **4**

ELECTRONICALLY FILED - 2020 Apr 17 4:04 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000375

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br><br>**COUNTY OF LAURENS**<br><br>John Gabriel Medlin,<br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Bojangles' Restaurants Inc.,<br>　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br><br>C. A. No. 2020-CP-42-<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

The Plaintiff, above-named, complaining of the Defendant herein, alleges as follows:

### PARTIES

1. Plaintiff is a citizen and resident of the County of Laurens, State of South Carolina.

2. Upon information and belief, Defendant, Bojangles' Restaurants, Inc. is a corporation organized and existing under the laws of the State of South Carolina, and regularly transacts business in Laurens County, South Carolina.

### JURISDICTION AND VENUE

3. At all times relevant hereto, the events upon which this suit is based occurred in Laurens County, State of South Carolina.

4. This Court has jurisdiction over these matters based upon Article V of the South Carolina Constitution, S.C. Code Ann. §§ 36-2-802 and 36-2-803 (Law. Co-op. 1976) and its plenary powers and venue is proper in Laurens County, South Carolina.

### FOR A FIRST CAUSE OF ACTION
**(Negligence/Gross Negligence/Negligence *Per Se*)**

5. That on or about November 1, 2017, the Plaintiff was at the Bojangles' Restaurants, Inc. (the "subject premises") located at 200 McCarter Road, Fountain Inn, South Carolina 29644 to have dinner with his family.

6. As Plaintiff entered the restroom area, he slipped on standing water and fell landing on his tailbone and back. There was no sign or other warning indicating the presence of water on the floor.

7. Defendant had ownership, maintenance or control over the subject area where Plaintiff

fell.

8. Defendant owed Plaintiff a duty to inspect and maintain the subject area in a reasonable manner to avoid or prevent injuries and damage to pedestrians, invitees, licensees, guests and residents of the county, such as Plaintiff, who use the subject area and adjacent land.

9. The condition of the subject area at the time of the fall rendered it unsafe and out of compliance with applicable codes, regulations, standards and ordinances, and created a hidden and dangerous condition for its customers.

10. Defendant knew or should have known of the existence of the hidden and dangerous conditions where Plaintiff fell, and Defendant failed to warn the Plaintiff of the conditions or make safe the conditions.

11. At all times pertinent herein, Defendant, through its agents or employees, owed a duty to customers, invitees, licensees, guests and residents of the county, to maintain the subject area in a manner so as not to negligently, grossly negligently, recklessly, or wantonly cause injury or damages.

12. At the time the Plaintiff was injured, Plaintiff was authorized to be on the subject premises and was exercising all due care, using the property for its intended purpose.

13. Defendant, through its agents or employees, breached the duties owed to the Plaintiff in a negligent, negligence per se, reckless, wanton, and/or willful manner at the time and place above mentioned in one or more of the following particular ways:

14. Failing and neglecting to properly maintain the subject area in a safe condition for its intended use;

15. Failing and neglecting to inspect the subject area for any conditions posing an unreasonable hazard to a customer, invitee, licensee, or guest;

16. Failing and neglecting to adequately warn of the existence of the hidden and dangerous conditions in the subject area;

17. Failing and neglecting to routinely inspect the subject area for defects;

18. Failing and neglecting to identify potential hazards to its customers;

19. Failing and neglecting to remedy a dangerous condition caused by Defendants' employees;

20. Failing to exercise that degree of care and caution that a reasonably prudent entity would have used under the circumstances prevailing; and

21. For such other and further particulars as may be shown through discovery and trial;

ELECTRONICALLY FILED - 2020 Apr 17 4:04 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000375

ELECTRONICALLY FILED - 2020 Apr 17 4:04 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000375

22. any or all of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff herein, said acts being in violation of the common and statutory laws of the State of South Carolina.

23. As a direct and proximate result of the Defendant's negligence, careless, grossly negligent, negligent per se, reckless, and/or wanton conduct, as stated herein, the Plaintiff, has suffered, and will continue to suffer in the future, injuries to Plaintiff's person; emotional stress; mental anguish; and anxiety, all to Plaintiff's actual and consequential damages in an amount to be determined by the trier of fact. In addition, and as the proximate result of Defendant's aforementioned conduct and negligent acts and/or omissions, Plaintiff did necessarily suffer and incur, substantial expenses for medicine, medical services, care, and treatment to treat Plaintiff's injuries, all to Plaintiff's actual damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff is informed and believes that Plaintiff is entitled to judgment against the Defendant for actual and punitive damages, for the costs of this action, for pre-judgment interest, and for such other and further relief as the Court may deem just and proper. Plaintiff demands a jury trial on all issues.

Respectfully submitted,



**Dated: April 17, 2020**                    S/Paul E Hammack

                                                                  _____
                                                                  Paul E. Hammack
                                                                  SC Bar No. 68501
                                                                  paul@hammacklawfirm.com
                                                                  Jamie Ackermann
                                                                  SC Bar No. 72427
                                                                  jamie@hammacklawfirm.com
                                                                  Hammack Law Firm
                                                                  223 W. Stone Avenue
                                                                  Greenville, SC  29609
                                                                  Office: 864-326-3333
                                                                  Fax: 864-991-3911
                                                                  Attorneys for Plaintiff

Page **4** of **4**